**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ALI OZDEMIR,

Petitioner,

v.

WARDEN of Moshannon Valley Processing Center, ET AL.,

Respondents

3:26cv1469

ELECTRONICALLY FILED

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART PETITIONER ALI OZDEMIR'S VERIFIED PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)**

Pending is Petitioner Ali Ozdemir's Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

**I. Background**

Petitioner asserts in his habeas petition, and Respondents do not dispute, that Petitioner: (1) is a native and citizen of Turkey; (2) entered the United States without inspection in or about 2022; (3) was detained for a few days after his entry and then released; (3) was detained by ICE on July 22, 2026; (4) has a pending asylum application (*i.e.*, there is not a final order of removal in effect as to Petitioner); and (5) currently is detained at Moshannon Valley Processing Center ("MVPC"). (*Id.* at 10-11).

Petitioner claims in his habeas petition that his detention violates: (1) the due process clause of the Fifth Amendment; (2) the Immigration and Naturalization Act ("INA"); and (3) the Administrative Procedures Act ("APA"), 5 U.S.C. §706(2)(A). (*Id.* at 28-35).

By way of relief, Petitioner seeks an Order that: (1) declares that Petitioner's detention violates the due process clause of the Fifth Amendment, the INA and the APA; (2) issues a Writ of Habeas Corpus that (a) orders Petitioner's immediate release, or (b) provides Petitioner with an individualized bond hearing at which "Respondents bear the burden to shows flight risk or danger to society by clear and convincing evidence;" and (3) awards attorney's fees and costs under the Equal Access to Justice Act ("EAJA") or "any other basis justified under law." (*Id*. at 24-26).

On August 17, 2026, Respondents filed their response in opposition to Petitioner's habeas petition, arguing that under the facts of this case: (1) "[t]his case is a 'Q. Li' case where the government has detained petitioner under 8 U.S.C. § 1225(b)(2)(A);" (2) "Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(a);" and (3) "Petitioner's detention does not violate constitutional due process." (Doc. 5 at 6).

Attached to Respondents' response is a DHS Record of Deportable/Inadmissible Alien which indicates that ICE detained Petitioner on July 22, 2026 in and around Butler County, Pennsylvania. (Doc. 5 at 6, Doc. 5-1 at 2).

Petitioner had until August 24, 2026, to file a reply brief. (Doc. 2). To date, no such brief has been filed.

Accordingly, this matter has been fully briefed and is ripe for adjudication.

## II. Discussion and Findings

Under the facts of this case, where it is not disputed that Petitioner entered the United States without inspection in or about 2022, was detained for a few days after his entry and then released, and re-detained in Pennsylvania by ICE on July 22, 2026, for the reasons set forth by this Court in *Rivera Juarez v. Oddo et al*., 3:26-cv-718 (W.D. Pa) (Schwab, J.) (Doc. 10), the

Court finds that Petitioner's detention is governed by Section 1226(a) and not Section 1225(b)(2). *See also Barbosa da Cunha v. Freden*, 175 F.4th 61, 78 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731-32 (6th Cir. 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1280-81 (11th Cir. 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec*., 175 F.4th 828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge). Therefore, Respondent's detention of Petitioner without an individualized bond hearing violates Petitioner's rights under the INA.

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within 30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing. The Court trusts the immigration judge to comply with this order and ensure that Petitioner is provided due process, and therefore, the immigration judge shall explain his or her individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED.

More specifically, first, the Court finds that under the facts of this case, where Petitioner has been detained for approximately one (1) month, Petitioner's statutory rights under the INA are protected by providing Petitioner with an individualized bond hearing before an immigration judge ("IJ"), as required by Section 1226(a), which comports with due process, as the Court has ordered, and does not require Petitioner's immediate release. *See Pico Bano v. Mullen et al.*, Civ. No. 4:26-1449, 2026 WL 1726260, at *5 (M.D. Pa. June 15, 2026) (concluding: "[T]the Court notes that Pico Bano asks only for immediate release from custody as a remedy in this matter—not a bond hearing. However, it is this Court's ordinary practice to order the Government to provide a petitioner with a bond hearing, as 8 U.S.C. § 1226(a) does not entitle an individual to release, but only to such a hearing. Moreover, the Court is of the view that an immigration judge 'is better suited to consider whether Petitioner poses a flight risk and a danger to the community' when evaluating the factors relevant to a bond determination, and immigration judges 'would have greater access to information that could resolve any factual disputes.' Consequently, the Court will not order Pico Bano's immediate release, but will instead direct Respondents to provide him with a bond hearing.") (footnotes omitted); *F.B.*, 2026 WL 1265352, at *4 (holding: "the Court will not order Petitioner's immediate release," and noting "that just as detention without a bond hearing may create a risk of erroneous deprivation of the detainee's liberty interest, immediate release without a bond hearing may create a risk of erroneous deprivation of the Government's security interests.").

Moreover, because the Court is ordering a bond hearing on a statutory ground, it "will decline to reach Petitioner's due process ground, in keeping with its 'duty to avoid passing upon a constitutional question if the case may be disposed of on some other ground'." *F.B. v. Oddo*,

Civ. No. 3:26-717, 2026 WL 1265352, at *5 (W.D. Pa. May 8, 2026) (Fischer, J.) (quoting *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 222 n.11 (3d Cir. 2018), abrogated on other grounds by *Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022)). *See also R.M. v. Oddo et al.*, Civ. No. 3:26-1117 (Jul. 31, 2026) (Hardy, J.) (Doc. 12 at 4-5 n.3) (explaining: "The Court's conclusion that § 1226 applies here, and that Petitioner is entitled to a bond hearing thereunder, is based in part upon this canon of constitutional avoidance. Consequently, the Court need not address Petitioner's constitutional bases in order to grant his Petition.").

Similarly, because the Court concludes Respondents has violated the INA by not providing Petitioner with a bond hearing and Petitioner is entitled to a bond hearing, it need not reach Petitioner's alternative APA challenge to Respondents' authority to detain Petitioner which requests the same relief, release or a bond hearing, to the relief ordered with respect to Petitioner's INA claim.

Nor, under the facts of this case, do Respondents bear the burden of: (1) "proving, by clear and convincing evidence and under the standards set forth in *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006), that Petitioner presents a danger to the community or a risk of flight;" and (2) "establishing, by clear and convincing evidence, that no reasonably available bond amount, condition of release, or combination of conditions would adequately mitigate any proven danger or risk of nonappearance." *See Abai Makeshov. v. Oddo et al.*, Civ. No. 3:26-808, 2026 WL 1579023, at *2 (W.D. Pa. June 3, 2026) (Conti, J.) (explaining: "[Petitioner] argues there was a constitutional defect in the prior bond proceeding because the burden to prove he was not a flight risk was placed upon him, rather than the government having to prove he was a flight risk (ECF No. 1 at 9). That argument, however, is foreclosed by binding precedent.") (citing

*Borbot v. Warden Hudson Cnty. Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018)); *Modebadze v. Soto*, Civ. No. 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) (Shipp. J.) (reasoning: "As this Court explained in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025), however, aliens such as Petitioner, although not subject to detention under § 1225(b)(2), are subject to the Government's discretionary detention authority under § 1226(a). Pursuant to that authority, the Government may detain aliens, but aliens must be accorded a bond hearing at which petitioners, and not the Government, bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, '[n]o court may set aside' the immigration judge's decision as to 'the denial of bond.' 8 U.S.C. § 1226(e). Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing."); *A.D. v. Oddo,* Civ. No. 25-460, 2026 WL 1251470, at *1, n. 3 (W.D. Pa. Feb. 12, 2026) (Haines, J.) (noting: "To be sure, the default in a bond hearing pursuant to 8 U.S.C. § 1226(a) places this burden upon the alien. Nothing in the Order conditionally granting habeas relief shifted the burden to DHS. ECF No. 31. To the contrary that Order, and its accompanying Memorandum Opinion, made clear that the hearing must "include all factors normally available to an immigration court in the context of an immigration bond hearing[,]" and that any additional habeas relief sought by Petitioner was denied. *Id.* at 1. Thus, while the Writ will issue for the reasons set forth herein, Petitioner's argument that the burden should have shifted to DHS explicitly is not among those reasons.") (citing *Borbot*, 906 F.3d at 279).

Finally, the United States Court of Appeals for the Third Circuit has not yet addressed whether an alien petitioner similarly situated to Petitioner is subject to detention pursuant to Section 1226(a) or Section 1225(b), and other circuit courts of appeals are split on the issue. Accordingly, the Court finds that Respondents' position was substantially justified in this case, and costs and attorney fees shall not be awarded pursuant to the EAJA.

SO ORDERED this 26th day of August, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel of Record